**SO ORDERED.**

**SIGNED March 21, 2013.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
            UNITED STATES BANKRUPTCY COURT
             WESTERN DISTRICT OF LOUISIANA
                   LAFAYETTE DIVISION


IN RE:

MICHAEL J. LARRY,                          CASE NO. 12-50461

     Debtor
------------------------------------------------------------------
                           ORDER
------------------------------------------------------------------
```

There are currently two matters before the court, (1) Confirmation of the Amended Plan filed by Michael J. Larry (the "Debtor") and (2) the Debtor's objection to the proof of claim filed by JPMorgan Chase Bank, N.A. ("Chase"). The Debtor's original plan was confirmed at a hearing on July 11, 2012. Chase did not object to confirmation, and did not file a proof of claim prior to confirmation. The confirmed plan did not provide for the cure of any post-petition arrearage. The Debtor then filed an amended plan on August 6, 2012. Chase filed an objection to the amended plan and, for the first time, asserted that the plan should

provide for $2,316.65 IN pre-petition arrearages and filed a proof of claim reflecting those arrearages. The question posed to the court is whether the July 2012 confirmation order binds Chase and bars its post-confirmation attempt to claim arrearages.

The binding nature of confirmation orders was addressed by the Supreme Court in United Student Aid Funds, Inc. v. Espinosa, ___ U.S. ___, 130 S.Ct. 1367 (2010). In Espinosa, the court held that the terms of a confirmed plan bound a creditor who did not object to confirmation even though the treatment of the creditor's claim in the plan violated the Bankruptcy Code. Following Espinosa, lower courts in the Fifth Circuit have disagreed over the extent to which Espinosa precludes a mortgage creditor from asserting a pre-petition arrearage amount that is inconsistent with the arrearage amount in a plan that is confirmed without any objection by the creditor. Compare In re Franklin, 448 B.R. 744 (M. D. La. 2011) (creditor bound by terms of confirmed plan), with Countrywide Home Loans, Inc. v. Stewart, 2011 WL 1899820 (E. D. La. May 16, 2011) (creditor not bound by treatment in confirmed plan that was inconsistent with an untimely proof of claim). This uncertainty over the scope of Espinosa in this Circuit is rooted in long-standing Fifth Circuit precedent that plan confirmation cannot bind a secured creditor to a claim amount that is inconsistent with the creditor's proof of claim, and that a challenge to a claim must be

-2-

addressed through the claims allowance process and not plan confirmation. See In re Simmons, 765 F.2d 547 (5th Cir. 1985); In re Howard, 972 F.2d 639 (5th Cir. 1992).

The court, however, need not address how Espinosa affects Fifth Circuit precedent in the present case. The July 2012 confirmation order provides that: "Confirmation of the Chapter 13 plan does not impair claims of any secured and priority creditor who has filed a proof of claim to which no objection has been filed." (Confirmation Order, Addendum at ¶ 4). The court concedes that this reservation language is not a model of clarity. It could be read as applying only to claims filed as of plan confirmation, which is not the case here. It could also be read as not applying to claims where, as here, the debtor has objected to the proof of claim. The court concludes that this provision is best read as a reservation of a creditor's right to have its claim challenged as part of the claims allowance process. Here, Chase filed a timely proof of claim, albeit, post-confirmation. Although the Debtor subsequently objected to the proof of claim, the resolution of that objection is governed by the rules and Code provision governing claims allowance, not plan confirmation.

The court's ruling in this case, however, should not be viewed as a license for creditors to simply ignore the plan confirmation process. The court is aware of the delays and wasted court time

-3-

that can result when creditors fail to participate in the plan confirmation process, yet seek to hold debtors to pre-petition arrearage figures set forth for the first time in a post-confirmation proof of claim. Simply put, a creditor cannot simply ignore plan confirmation without penalty.  However, it is the court's view that this problem is best addressed by a change in the appropriate federal rules (a project that is now ongoing) and, in the interim, an appropriate standing order that addresses specific procedures for mortgage creditors who wish to object to arrearage amounts included in the debtor's plan.

As a final matter, the debtor has requested reimbursement of attorneys fees incurred in filing an amended plan because of Chase's failure to participate in the confirmation of the first plan.  As the court previously noted, a creditor cannot simply ignore the plan confirmation process without penalty and, in an appropriate case, delays caused by creditors may be addressed by appropriate sanctions.  The problem in the present case is that <u>Simmons</u> and <u>Howard</u> include language preserving a secured creditor's right not to participate in the bankruptcy proceeding because its lien "rides through" bankruptcy.  This typically does not apply to most home mortgage creditors under Chapter 13 because the Code specifically allows a debtor to cure pre-petition arrearages and to maintain ongoing payments through the plan under 11 U.S.C. §

-4-

1322(b)(5). Accordingly, *by statute*, a home mortgage creditor cannot simply ignore a bankruptcy proceeding where its claim is provided for under section 1322(b). Here, however, the debtor originally proposed to pay the ongoing mortgage payments outside the plan and, because the Debtor did not believe that he was responsible for any pre-petition arrearages, the plan did not include a cure provision under section 1322. Under these circumstances, the court declines to award fees in the present case.

In sum, the Debtor's objection to Chase's proof of claim is **DENIED**. Confirmation of the Amended Plan is **DENIED**. The Debtor shall file an amended plan within ten days and notice it out for May 1, 2013.

###

-5-